IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-02772-RBJ-BNB

RUBEN ARAGON,

    Plaintiff,

v.

KERRY BARONI,
CHRISTINE STERGEON,
VALERIE EGLEY, and
DANIEL R. MEYER,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING MAY 28, 2014 RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the May 28, 2014 Recommendation [ECF No. 18] of Magistrate Judge Boyd N. Boland that the Court grant the defendants' motion to dismiss [ECF No. 10]. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. [ECF No. 18 at 16 n.6.] On June 9, 2014 the plaintiff filed a request for an extension of time to file an objection to the Recommendation. [ECF No. 19]. Mr. Aragon asked for an extension through July 5, 2014, which the Court granted on June 13, 2014. [ECF No. 20]. Despite granting this motion, the Court has not received an objection or any other filings from Mr. Aragon.

    "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165,

1

1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

The Court has reviewed all of the relevant pleadings concerning the motions to dismiss and the Recommendation. Based on this review, the Court concludes that the magistrate judge's analysis and recommendations on the merits are correct, and that "there is no clear error on the face of the record." [1] Fed. R. Civ. P. 72 advisory committee's note. The Court also agrees with the Recommendation that this action constitutes a "prior occasion" for purposes of 28 U.S.C. § 1915(g).[2] Therefore, the Court ADOPTS the Recommendation as the findings and conclusions of this Court.

Accordingly, it is ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 18] is ACCEPTED and ADOPTED. It is further ORDERED that defendants' motion to dismiss [ECF Nos. 10] is GRANTED to the following extent:

(1) GRANTED WITH PREJUDICE to the extent the defendants are sued in their official capacities;

(2) GRANTED WITH PREJUDICE insofar as the plaintiff seeks injunctive and declaratory relief;

(3) GRANTED WITH PREJUDICE insofar as the defendants seek dismissal of the

---

[1] In regards to the Eighth Amendment claim against defendants Stergeon and Meyer, the Court adopts the Recommendation as to the objective component of the deliberate indifference test. [*See* ECF No. 18 at 12–14]. The Court expresses no opinion as to Magistrate Judge Boland's analysis regarding the subjective prong of this test.

[2] 28 U.S.C. § 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Eighth Amendment claims;

(4) GRANTED WITHOUT PREJUDICE insofar as the defendants seek dismissal of the plaintiff's retaliation claim;

It is further ORDERED that this action count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

DATED this 18th day of July, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge